UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. FOGUTH AND
ALAN W. FOGUTH,

      Plaintiffs,

v.

DISCOVER BANK, *et al.*

      Defendants.

_____/

Case No. 25-cv-11086
Hon. Matthew F. Leitman

**<u>ORDER (1) RECOGNIZING NOTICE OF VOLUNTARY DISMISSAL AS TO CLAIMS BY JAMES A. FOGUTH (ECF No. 35), (2) REQUIRING PLAINTIFF ALAN W. FOGUTH TO ATTEND MOTION HEARING, AND (3) CONFIRMING SERVICE OF COURT DOCUMENTS ON PLAINTIFFS</u>**

On December 30, 2024, a civil action was filed against Discover Bank in the Wayne County Circuit Court in the names of James A. Foguth and his son, Alan W. Foguth (the "First Action"). (*See* Compl., *Foguth v. Discover Bank*, E.D. Mich. Case No. 25-10274, ECF No. 1-1.) The Complaint in the First Action alleged, among other things, that Discover Bank misused the Foguths' personal information. (*See id.*) Discover Bank thereafter removed the First Action to this Court. (*See* Notice of Removal, *id.*, ECF No. 1.) The Court thereafter concluded that Alan Foguth had never properly appeared in the First Action, and it dismissed Alan's claims on that basis. (*See* Order, *id.*, ECF No. 37.) James Foguth filed a Notice of Voluntary

1

Dismissal of his claims. (*See* Notice, *id.*, ECF No. 34.)  That Notice was self-executing and dismissed James' claims against Discover Bank.

On March 17, 2025, a second action in the name of the Foguths was filed against Discover Bank (and one of its employees, Janusz Wantuch) in the Wayne County Circuit Court (the "Second Action"). (*See* Compl., ECF No. 1-1.)  As in the First Action, the Second Action again brought claims against Discover Bank arising out of the alleged misuse of the Foguths' personal information. (*See id.*)

On April 15, 2025, Defendants removed the Second Action to this Court. (*See* Notice of Removal, ECF No. 1.)  Several motions and other papers were then filed by the parties.  Defendants filed a motion to compel arbitration (*see* Mot., ECF No. 2) and a motion to remand was filed in the names of the Foguths (*see* Mot., ECF No. 5).  That motion did not include an ink or /s/ electronic signature of either Foguth. (*See id.*)  Multiple additional motions and filings, including motions to re-assign the Second Action and motions related to subpoenas that had been issued, were also filed in the name of the Foguths.  The signature blocks on some of these motions contained an electronic signature of both Foguths; the blocks on other motions bore the electronic signature of only James Foguth.  The Court scheduled a hearing on the motions for June 13, 2025. (*See* Notice of Hearing, ECF No. 20.)  It also ordered the Foguths to not file any additional motions or other documents with the Court until after that hearing. (*See* Order, ECF No. 15.)  Despite that order, several

2

additional motions and notices were filed in this case. (*See*, *e.g.*, ECF Nos. 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37.) As with the earlier filings, the signature blocks on some of later filings contained an electronic signature of both Foguths; the blocks on other filings bore the electronic signature of only James Foguth.

One of the documents that was recently filed was a "Motion to Dismiss" in which the Foguths asked the Court to dismiss the Second Action. (*See* Mot., ECF No. 33.) That filing included an /s/ electronic signature from both James and Alan Foguth. (*See id.*)

Before the Court could rule on the Motion to Dismiss, James Foguth filed a Notice of Voluntary Dismissal. (*See* Notice, ECF No. 35.) The Notice of Voluntary Dismissal did not include an /s/ signature from both James and Alan Foguth. Instead, it contained an /s/ signature of just James Foguth. (*See id.*, PageID.563.) In that Notice, James Foguth said that – pursuant to Federal Rule 41(a)(1)(A)(i) – he was "voluntarily dismiss[ing] this action." (*Id.*)

The voluntary dismissal filed by James Foguth is self-executing. Given that dismissal, the Court recognizes that James' claims are **DISMISSED**. James Foguth need not attend the scheduled motion hearing on June 13, 2025. The Court further notes that James Foguth continued to make filings on the Court's docket in the Second Action after filing his Notice of Voluntary Dismissal. Those filings have no

3

effect as to James Foguth since they were made after he dismissed his claims. Finally, pursuant to Federal Rule 41(a)(1)(B), because this is the second time that James Foguth has voluntarily dismissed claims against Discover Bank, his "notice of dismissal operates as an adjudication on the merits." Fed. Rule Civ. P. 41(a)(1)(B). *See also Rose Court, LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685-87 (9th Cir. 2024) (explaining how the "two-dismissal rule" operates in federal court and affirming denial of motion for leave to amend under the rule); *Demsey v. Demsey*, 488 F. App'x 1, 3 (6th Cir. 2012) (explaining that "[a] voluntary dismissal under Fed.R.Civ.P. 41(a) has the effect of a judgment with prejudice when ... it is the second suit based on the same transaction") (quoting *Anderson v. Aon Corp.,* 614 F.3d 361, 365 (7th Cir. 2010)).

Since Alan Foguth has not yet filed a Notice of Voluntary Dismissal, and since the Court has not yet ruled on the pending Motion to Dismiss (that does bear his electronic signature), the claims by Alan Foguth remain alive in the action. The Court does not yet feel comfortable granting the Motion to Dismiss as to Alan Foguth. The Court concludes that the safest course of action is to proceed with the currently-scheduled hearing and to confirm with Alan Foguth on the record that he wishes to dismiss his claims. Accordingly, the Court again **ORDERS** Alan Foguth to personally attend the scheduled June 13, 2025, virtual motion hearing so that the Court can hear directly from him. However, if Alan Foguth files a Notice of

4

Voluntary Dismissal before that hearing date that includes his electronic signature, the Court will deem that dismissal effective, cancel the hearing, and terminate all of the pending motions in this case.

Finally, the Court notes that James Foguth, on his behalf and purportedly on behalf of Alan Foguth, has filed documents in which he claims that the Court has failed to provide him copies of certain Court filings. (*See*, *e.g.*, ECF No. 37.)  The Court has confirmed, as reflected on the docket, that it has sent to the Foguths, at the address they provided the Court, all of the documents that the Court has issued in this case.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126